*Confidential Trade Secret Information*
*Subject to Restricted Procedures*

*Execution Version*

# REDACTED

## ARTICLE 27

## DISPUTE RESOLUTION

27.1 <u>Claims</u>. A "Claim" is any claim, dispute or other controversy arising out of or relating to this Agreement, including Change Disputes. The responsibility to substantiate a Claim shall rest with the Party making the Claim. The other Party shall provide reasonable cooperation in making available non-privileged information in its possession or control that is relevant for purposes of substantiating the Claim.

27.2 <u>Change Disputes</u>. A Party shall provide written notice to the other Party of any dispute or disagreement that such Party may have regarding a request for a Change or a notice of a Change given by either Party ("Change Dispute"), which notice shall contain such Party's position with respect to such Change Dispute (the "Change Dispute Notice"). Such Party shall provide the Change Dispute Notice to the other Party no earlier than fifteen (15) Days after such Party (a) submitted a notice of Change without having received either (i) a written response from the other Party, or (ii) a response from the other Party regarding a notice of Change that is satisfactory to such Party or (b), in the case of Section 9.2, Contractor has received from Owners a request for a Change that Contractor does not believe conforms to the requirements of Section 9.2, or a dispute otherwise arises out of 9.2.

27.3 <u>Resolution by Negotiation</u>.

(a) As an express condition precedent to commencement of any further proceedings with respect to a Claim (except as may be provided under any applicable lien statute), the Party making such Claim shall notify the Contractor's Project Director or the Owners' Authorized Representative, as the case may be, in writing of such Claim. The Contractor's Project Director and the Owners' Authorized Representative shall meet within thirty (30) Days of receipt of the written notice of such Claim for the purpose of attempting to resolve the Claim.

(b) If the Claim remains unresolved after the thirty (30) Day period described in Section 27.3(a) then the Parties shall undertake mediation pursuant to Section 27.4.

(c) The Parties agree to make a diligent, good faith attempt to resolve a Claim as expeditiously as reasonably possible as provided in this Section 27.3.

27.4 <u>Mediation</u>.

(a) Any Claim not resolved pursuant to Section 27.3 shall be referred to mediation which, unless the Parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Procedures of the AAA in effect at the time of the mediation.



EXHIBIT 1

*Confidential Trade Secret Information*
*Subject to Restricted Procedures*                                                   Execution Version

If the mediation has not concluded within sixty (60) Days after its commencement, then, as applicable:

    (i) with respect to a Claim that exceeds the Claim Threshold Amount, either Party shall have the right to proceed to litigation of such Claim in a court of competent jurisdiction, in accordance with Section 34.3; and

    (ii) with respect to a Claim that falls below the Claim Threshold Amount, such Claim shall be resolved pursuant to Section 27.5.

    (b) An executive vice president (or equivalent) of (i) in the case of Contractor, each Consortium Member (unless otherwise agreed by the Consortium Members) and (ii) in the case of Owners, each Owner (or GPC acting as agent for such Owner) shall be in attendance at and participate in the mediation.

    (c) The Parties shall share equally the mediator's fee and any AAA filing fees equally. The mediation shall be held in Atlanta, Georgia, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements pursuant to Section 27.6.

27.5    Resolution Of Claims Falling Below The Claim Threshold Amount.

    (a) The Parties agree that any Claim meeting or falling below the Claim Threshold Amount ("Arbitrable Claim") not resolved pursuant to Section 27.3 or 27.4 shall be submitted to final and binding arbitration for resolution pursuant to this Section 27.5 and in accordance with the Construction Industry Rules of the AAA in effect at the time of the arbitration, except as modified by this Section 27.5 or otherwise agreed by the Parties.

    (b) Unless the Parties otherwise mutually agree in writing, the arbitral panel ("Arbitral Panel") shall consist of three (3) people. Within fifteen (15) Days after the expiration of the time period for mediation set forth in Section 27.4(a), each Party (i) shall give written notice of its selection of a person to serve as a member of the Arbitral Panel (a "Member"), who shall have no less than fifteen (15) years of engineering experience, or supervisory or managerial level construction experience, in electric power plant construction, and (ii) propose two (2) candidates for consideration as chairman of the Arbitration Panel (the "Chairman"), each of whom shall be a practicing attorney validly licensed to practice law in a jurisdiction in the United States and/or retired judge, and who shall have no less than twenty (20) years of experience in the litigation of complex disputes including preferably experience in the power plant construction industry. (References hereinafter to "Member" shall include the Chairman unless the context otherwise requires.) Within ten (10) Days after the selection of the Members of the Arbitral Panel, the Members shall select the Chairman from the Parties' candidates. The Chairman shall be subject to the approval of the Parties within ten (10) Days following his or her selection. In the event that a Party fails to propose a Member or Chairman, the Members cannot agree upon the Chairman, or such Chairman is not approved by the Parties within the time periods stated above, then the AAA shall select such Member(s) or Chairman from among the Parties' candidates or otherwise in accordance with AAA procedures.

*Confidential Trade Secret Information*
*Subject to Restricted Procedures*   •   *Execution Version*

(c) It being imperative that all members of the Arbitral Panel be neutral, act impartially, and be free from any conflict of interest, the Arbitral Panel shall be selected such that the Members and the Chairman shall:

(i) have no interest, financial or otherwise, in either Party nor any financial interest in this Agreement except for payment of its fees and expenses as provided herein;

(ii) not previously have been employed as a consultant or otherwise by either Party, unless any such relationship has been disclosed in writing and approved by the Parties;

(iii) have disclosed in writing to the Parties and each other Member and the Chairman as applicable, before being selected and to his or her best knowledge and recollection, any professional or personal relationships with any director, officer or employee of either Party;

(iv) not, for the duration of the Arbitral Panel, be employed as a consultant or otherwise by either Party, except as may be agreed in writing by the Parties, the other Members and the Chairman;

(v) not give advice to either Party or its Personnel concerning the conduct of this Agreement, other than in accordance with this Agreement;

(vi) not have any ex-parte communications with either Party at any time after their selection pursuant to Section 27.5(b);

(vii) not, while a Member or Chairman, as applicable, enter into discussions or make any agreement with either Party regarding employment by any of them, whether as a consultant or otherwise, after ceasing to act as a Member or Chairman, as applicable; and

(viii) treat the details of this Agreement and all the Arbitral Panel's activities and hearings as private and confidential, and not publish or disclose them without the prior written consent of the Parties.

(d) Each Party shall be responsible for one-half of the fees and expenses of the members constituting the Arbitral Panel commissioned to hear a dispute. The arbitration shall be held in Atlanta, Georgia, unless another location is mutually agreed upon.

(e) In resolving each Arbitrable Claim, the Arbitral Panel shall (i) be neutral and act fairly and impartially as between Owners and Contractor, (ii) give each Party a reasonable opportunity to prepare its case, present evidence, witnesses and arguments to support its case, and respond to the other's case, (iii) adopt procedures suitable to such Arbitrable Claim, including but not limited to a reasonable opportunity to conduct discovery such as exchange of documents, depositions, and expert reports, and (iv) follow applicable Law. The Arbitral Panel

*Confidential Trade Secret Information*
*Subject to Restricted Procedures*

Execution Version

shall conduct a hearing on all such Arbitrable Claims, in which event it will decide on the date for the hearing and may request that written documentation and arguments from Owners and Contractor be presented to it prior to or at the hearing. Except as otherwise agreed in writing by Owners and Contractor, the Arbitral Panel shall have the power to decide upon provisional relief such as interim or conservatory measures, adopt an inquisitorial procedure, to refuse admission to hearings or audience at hearings to any persons other than representatives of Owners and Contractor, and to proceed in the absence of any party who the Arbitral Panel is satisfied received notice of the hearing, but shall have discretion to decide whether and to what extent this power may be exercised. Upon the written request of either Party, a stenographic record shall be made of all proceedings before the Arbitral Panel.

(f) Except with the written consent of the other Party, neither Party shall be entitled to have any Third Party join into any proceedings hereunder for an Arbitrable Claim as a party thereto under this Section 27.5. More than one Arbitrable Claim may be heard in the same proceeding.

(g) The Arbitral Panel shall be governed by the provisions of this Agreement and the governing Law, which shall be the Laws of the State of Georgia, and shall not be entitled to consider or award any damages or any other relief not permitted under this Agreement.

(h) The Parties shall promptly provide the Arbitral Panel with such additional information and access to such facilities and Personnel as the Arbitral Panel may require for purposes of resolving any submitted Arbitrable Claim. The Arbitral Panel shall use reasonable efforts to resolve any submitted Arbitrable Claim as promptly as reasonably practicable and in any event within (i) one hundred (100) Days of the appointment of the Arbitral Panel where the amount in controversy is less than Five Million Dollars ($5,000,000) (per claim for monetary relief) or where a schedule dispute (per Contractor claim for schedule relief) is less than thirty (30) Days, or (ii) one hundred eighty (180) Days of the appointment of the Chairman of the Arbitral Panel (or such other number of Days as may be proposed by the Arbitral Panel and accepted by both Parties (which acceptance shall not be unreasonably withheld)) where the amount in controversy is Five Million Dollars ($5,000,000) (per claim for monetary relief) or more or where the schedule dispute (per Contractor claim for schedule relief) is thirty (30) Days or more. Notwithstanding the foregoing, if the Parties mutually agree to a deadline extension or the Chairman determines that it is not feasible to resolve the submitted Arbitrable Claim within the above listed deadlines then a deadline may be extended to provide additional time to resolve such Arbitrable Claim; provided, that the duration of any such extension shall be set taking into account the agreed upon principle that disputes are to be resolved as expeditiously as possible. The Arbitral Panel shall have the authority to determine as to whether the amount in controversy and amount of schedule relief sought results in the one hundred (100) Day or one hundred eighty (180) Day resolution deadline being applicable, which determination shall be final and binding on the Parties.

(i) The decision of the Arbitral Panel shall be issued in a writing that sets forth the Arbitral Panel's reasoned decision. Dissenting opinions shall not be permitted. The Arbitral Panel shall not be entitled to deviate from the construct, procedures or requirements of this Agreement. In the absence of bias, fraud, or willful misconduct by an arbitrator, any

*Confidential Trade Secret Information*  
*Subject to Restricted Procedures*                                                                                        • *Execution Version*

decision rendered by the Arbitral Panel in any arbitration shall be final and binding upon the Parties under the United States Arbitration Act, 9 U.S.C. §§ 1 et seq., and judgment thereon may be entered in a court of competent jurisdiction.

  27.6 <u>Exclusive Resolution Procedures; Equitable Remedies</u>. The procedures specified in this Article shall be the sole and exclusive procedures for the resolution of Claims (except for lien claims which are governed by statute); provided, however, that, notwithstanding anything in this Article to the contrary, a Party may file a complaint in a court of competent jurisdiction to seek injunctive relief, sequestration, garnishment, attachment, or an appointment of a receiver. Despite such actions, the Parties will continue to participate in good faith in and be bound by the dispute resolution procedures specified in this Article.

  27.7 <u>Continuation of Work</u>. Pending the final resolution of any Claim, Contractor shall proceed diligently with the performance or provision of the Work and its other duties and obligations pursuant to the provisions of this Agreement and Owners shall compensate Contractor in accordance with the provisions of Article 8 of this Agreement.

**REDACTED**

*Confidential Trade Secret Information*  
*Subject to Restricted Procedures*                                                      *Execution Version*

## ARTICLE 33

REDACTED

## ARTICLE 34

## APPLICABLE LAW; WAIVER OF JURY TRIAL; VENUE

34.1   <u>Governing Law</u>. The validity, construction, and performance of this Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia, without giving effect to the principles thereof relating to conflicts of laws.

34.2   <u>Waiver of Jury Trial</u>. EACH PARTY HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT.

34.3   <u>Venue</u>. The Parties agree to the non-exclusive jurisdiction of the United States District Court for the District of Columbia for any legal proceedings that may be brought by a Party arising out of or in connection with this Agreement or for recognition or enforcement of any judgment. Each Party accepts, generally and unconditionally, the jurisdiction of the aforesaid court for legal proceedings arising out of or in connection with this Agreement. Each Party hereby waives any right to stay or dismiss any action or proceeding under or in connection with this Agreement brought before the foregoing court on the basis of forum non-conveniens or improper venue. For the avoidance of doubt, the Parties do not, by this Section 34.3, waive any first-to-file challenges to venue.

## ARTICLE 35

REDACTED

142