IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGIA POWER COMPANY; OGLETHORPE POWER CORPORATION; MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA; and the CITY OF DALTON, GEORGIA, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> WESTINGHOUSE ELECTRIC COMPANY, LLC and STONE & WEBSTER, INC. <br><br> Defendants/Counterclaim-Plaintiffs. | Case No. CV112-167-JRH-WLB |

### ORDER PURSUANT TO FED. R. EVID. 502 CONCERNING DISCLOSURE OF INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT RULE

Pursuant to Fed. R. Evid. 502, the Court orders as follows:

1. For purposes of this Order, "Protected Information" shall include documents protected from discovery by the attorney-client privilege and the work product doctrine as defined in the Federal Rules of Civil Procedure and applicable judicial interpretations;

2. For purposes of this Order "Producing Person" means any party to this action or any non-party that produces documents pursuant to subpoena or other formal request in connection with this action, and "Receiving Party" means any party to this action that receives such documents;

3. Pursuant to Federal Rule of Evidence 502(d), the Court orders that the production of original or copies of Protected Information shall not, in this case nor in any other federal or state proceeding, constitute a waiver of the Producing Person's right to assert any privilege or work product protection with respect to those documents. The Producing Person shall not be

5504490V.1

required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. Moreover, the mere production of Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel as contemplated by Paragraph 5 hereof, shall not be deemed "intentional" pursuant to Fed. R. Evid. 502(a)(1);

4. Upon written notice of recall from the Producing Person of the production of Protected Information, each Receiving Party must -- unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph 5 hereof -- within fifteen (15) business days of receipt of that recall notice, (i) return or destroy all copies of the produced Protected Information and (ii) provide a certification of counsel that the produced Protected Information designated in the recall notice has been returned or destroyed. Within ten (10) business days of receipt of the notification that the produced Protected Information has been returned or destroyed, the Producing Person shall produce a privilege log with respect to the produced Protected Information;

5. If a Receiving Party contests the claim of attorney-client privilege or work product protection made in a recall notice, that Receiving Party must -- within ten (10) business days of receipt of the recall notice -- move the Court for an Order compelling disclosure of the produced Protected Information. This motion must not assert as a ground for compelling disclosure the fact or circumstances of the production, but may describe any further use made by the Producing Person of the alleged Protected Information, and must be accompanied by a request to the Court to seal the motion and any exhibits filed therewith in accordance with applicable court rules. Upon request of the Producing Person, the Receiving Party must take

reasonable measures to prevent any further dissemination of the produced Protected Information pending resolution of the motion to compel;

6. Within fifteen (15) business days of an order denying a motion to compel regarding produced Protected Information, each Receiving Party must (i) return or destroy all copies of the produced Protected Information and (ii) provide a certification of counsel that the produced Protected Information designated in the notice has been returned or destroyed. Within ten (10) business days of the receipt of the notification that the produced Protected Information has been returned or destroyed, the Producing Person shall produce a privilege log with respect to the produced Protected Information;

7. If the notice from the Producing Person of the production of the Protected Information is made during or in preparation for a deposition, each Receiving Party that receives such notice may not use the produced Protected Information at the deposition in any manner except for the limited purpose of questioning the witness to ascertain the strength of the claim of privilege or protection;

8. If the Producing Person is required to produce, or later elects to produce, documents previously withheld as Protected Information, and such documents were the subject of an instruction to a deponent not to answer questions at a deposition, that Producing Person will bear the out-of-pocket expenses of the deposing counsel for re-examination of the deponent at a re-scheduled deposition to address the document(s) previously withheld as Protected Information.

9. The Producing Person retains the burden of establishing the privileged or protected nature of the produced Protected Information. Nothing in this Order shall limit the

right of either party to petition the Court for an in camera review of the produced Protected Information;

10. Where a Receiving Party becomes aware of produced Protected Information on its own review, that party shall promptly notify the Producing Person in writing of such production. Within ten (10) business days of the receipt of that notice, the Producing Person must notify each Receiving Party in writing whether it intends to recall the produced documents. That recall notice shall be treated as a recall notice as contemplated by Paragraph 4 hereof;

11. The Parties may stipulate to extend the time periods set forth in Paragraphs 4, 5, 6, or 10 hereof.

IT IS SO ORDERED, this 2nd day of April, 2014.

Hon. James E. Graham
MAGISTRATE JUDGE

CONSENTED TO BY:

**JONES DAY**

/s/ Joseph E. Finley
Joseph E. Finley, Esq.
Georgia Bar No. 261526

Counsel for Plaintiffs Georgia Power Company; Oglethorpe Power Corporation; Municipal Electric Authority of Georgia; and the City of Dalton, Georgia

1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 581-8013

5504490V.1

**KILPATRICK TOWNSEND &
STOCKTON LLP**

/s/ Brian G. Corgan
Brian G. Corgan, Esq.
Georgia Bar No. 187700
(Admitted *Pro Hac Vice*)

Counsel for Westinghouse Electric Company LLC

1100 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia  30309
Telephone: (404) 815-6217


**WATT, TIEDER, HOFFAR &
FITZGERALD, L.L.P.**

/s/ Shelly L. Ewald
Shelly L. Ewald, Esq.
(Admitted *Pro Hac Vice*)

Counsel for Stone & Webster, Inc.

8405 Greensboro Drive, Suite 100
McLean, Virginia  22102