IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGIA POWER COMPANY; OGLETHORPE POWER CORPORATION; MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA; and the CITY OF DALTON, GEORGIA, | * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 112-167 |
| WESTINGHOUSE ELECTRIC COMPANY LLC, and STONE & WEBSTER, INC., | * * * * | |
| Defendants. | * | |

**ORDER**

In this construction dispute, Defendants move to halt discovery and delay trial indefinitely on counterclaim damages because those alleged damages continue to accrue as construction progresses. (Defs.' Mtn. to Bifurcate, Doc. 208.) The Court **DENIES** the bifurcation motion because it is more efficient and expeditious to follow the traditional course of Defendants proving future damages at the first and only trial through reasonably certain estimations.

**DISCUSSION**

Rule 42(b) of the Federal Rules of Civil Procedure empowers courts to bifurcate trials for "convenience, efficiency, economy, or to avoid prejudice." The decision is committed to the sound discretion of the trial court, and "as the Advisory Committee Note to Rule 42(b) states, 'separation of issues for trial is not to be routinely ordered.'" Brown v. Advantage Eng'g, Inc., 732 F. Supp. 1163, 1170 (N.D. Ga. 1990). Defendants contend that, while liability is ripe for adjudication because the disputed design changes already occurred, it is premature to adjudicate damages until project completion because delays and costs associated with the design changes continue. Bifurcation will

be more efficient, according to Defendants, because the parties may settle some or all of the damages issues after a trial on liability. Any damages issues not settled would be the subject of a second discovery period, followed by a second trial, to occur after completion of the project in 2020, as currently projected. Only at that time will Defendants be able to calculate with certainty the damages that have not yet accrued. The proposal is inferior to the traditional path of addressing future damages along with liability during one discovery period and trial.

Future damages are routinely proven by reasonably certain estimation. Defendants do not argue otherwise. Nor do they contend that their future damages are incapable of reasonably certain estimation. On the contrary, they admit to having already completed estimates of all future damages but complain that Plaintiffs "have repeatedly objected to such estimates . . . ." (Doc. 224, at p. 14.) That the opposing party has objected to a claimant's estimation of damages is hardly surprising or a compelling reason for bifurcation. As in any litigation involving future damages, the parties will provide their competing estimations at trial and the trier of fact will decide a reasonable amount.

Also troubling is the lengthy period of delay proposed by Defendants. Justice is best served when delivered not only efficiently and fairly, but also speedily. See Fed. R. Civ. P. 1. Flying in the face of this important objective is waiting five years or more for completion of the construction project before finalizing damages discovery and trying damages. As those years pass and the litigation lingers, it is inevitable that litigation costs will mount, memories will fade, documents and information will become more difficult to locate, and witnesses will leave the employment of the parties.

Another concern is the proposal to halt discovery on damages midstream, after one year of discovery efforts devoted to liability and damages. The inefficiency is self-evident. Equally concerning is the inefficiency inherent in bifurcation due to overlapping witnesses and evidence. In addition, as Plaintiffs argue at length in their opposition brief, it may not be easy to separate facts relating to liability from those relating to damages. The Court strives to avoid the creation of such rich fodder for discovery disputes.

For all of these reasons, the Court prefers one trial rather than two. It is still early in the litigation, however, and bifurcation may deserve a second look when the parties submit the proposed consolidated pretrial order. This is, after all, when the Court customarily considers bifurcation. See Local Rule 16.4.1. At that time, the Court will likely not bifurcate unless Defendants present a compelling argument that, as of the date of the pretrial order, one or more categories of damages has yet to be incurred and is incapable of reasonable estimation. This seems unlikely, however, since Defendants have already estimated their future damages and most assuredly did so in an exacting manner. Indeed, contractors make a living by estimating the cost of future projects. The first trial will include all damages except those incapable of reasonable estimation, if any.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of May, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia